JOHN TRIPLET, Executor *v.* F. J. THORNTON, Administrator, etc.

**Tax Title — Deed from Sheriff to State — Code 1857, Article 36, Page 80.**

Under chapter 3, article 36, Code of 1857, the State can acquire title to land sold for taxes only by deed from the sheriff.[1]

**Statute of Limitations.**

When a person is enjoined from prosecuting a remedy by a decree of court, the time during which such person has been so restrained will

_____

[1]

A sale of land by a tax collector for the nonpayment of taxes is the exercise of the naked statutory power; and if the law authorizing the sale be not strictly complied with, the sale will be void. Hodge *v.* Wilson, 12 S. & M. 498; Doe *v.* Natchez Ins. Co., 8 S. & M. 197; Minor *v.* Natchez, 4 S. & M. 602; Natchez *v.* Minor, 10 S. & M. 246.

Article 36, page 80, Code of 1857, is as follows:

" If upon offering all the land of any delinquent taxpayer, no person will bid for it the whole amount of the taxes and all costs, the collector shall strike off the same to the State, and convey the same to the State in one deed, to be acknowledged in due form before the clerk of the probate court. He shall in like manner execute deeds to individuals purchasing lands at such sales, and he shall, on, or before the second Monday of May, file with the said clerk, separate lists of the lands sold to the State, and to individuals, and the amount of tax and costs, specifying each item of said costs, for which the same were sold, and said clerk shall record said lists in a

not be computed as any part of the period limited for the commencement of such action. Code of 1857, page 402, art. 26.[2]

**Trust Estate — Lien of Trustee for Costs and Expenses.**

A trustee in a deed of trust, or a commissioner appointed by court to sell the trust property, has a lien on the trust property for all necessary expense and can enforce same in the Chancery Court.[3]

**Same — Lis Pendens.**

One who buys property pending a suit by a trustee to enforce his lien for necessary expenses and costs incurred in the administration of the estate is chargeable with notice thereof although not a party to the suit.[4]

In 1860, one Rawles borrowed $5,000 from N. G. Park and gave a deed of trust on some land to secure same. G. W. Thornton was named as trustee. The deed of trust and the record of it were destroyed by fire. In 1863, Rawles sold the land to W. B. Gilliam. In 1866, Thornton, trustee, filed a bill in chancery against Rawles and Gilliam to establish the deed of trust and record and for the sale of the land to pay the debt. Thornton was appointed a special commissioner, by the court, to sell the land to pay the debt due to Park. In 1868, this decree was rendered and in the same year Gilliam filed a bill of review to impeach this decree and enjoining the sale of the land. This injunction was on motion of the trustee and commissioner dissolved in April,

book kept for that purpose, and shall within ten days after the same is filed, forward a certified copy of the list of lands sold to the State, to the auditor to be by him filed and registered in a book kept by him for that purpose."

**2**

Article 26, page 402, Code of 1857, is as follows:

" When any person shall be prohibited by law, or restrained or enjoined by the order, decree or process of any court in this State, from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this act for the commencement of such action." See Sugg v. Thrasher, 30 Miss. 135; Marshall v. Minter, 43 Miss. 666; Wilkinson v. Flowers, 37 Miss. 579; Work v. Harper, 31 Miss. 107.

Where a beneficiary is enjoined from enforcing a trust deed, the Statute of Limitations is suspended pending the injunction, though in disregard of it he makes a sale which is afterward vacated. Savings Institution v. Buchanan, 60 Miss. 496.

**3**

Without an express contract therefor, a trustee is entitled to compensation for executing the trust. The English rule to the contrary does not prevail in this State. Niolon v. McDonald, 71 Miss. 337.

1874. While that suit was pending, some litigation sprung up between Park and Thornton and in August, 1874, Mrs. Park, widow of N. G. Park, filed a bill against Thornton enjoining him from selling the land and almost immediately after this injunction was dissolved, Mrs. Park filed a second bill against Thornton enjoining him from selling the land and this bill was dismissed and the injunction dissolved November 20, 1877.

In February, 1871, while these suits were pending, A. P. Shattuck purchased the land from the State, taking a deed from the auditor. The sheriff of Chickasaw county, where the land was situated, did not make a deed to the State as required by article 36, chapter 3 of the Code of 1857, but transmitted a delinquent tax list. In 1877, while the second suit of Mrs. Park against Thornton was pending, the object of which was to prevent Thornton from selling the land to pay the costs and expenses he had incurred as trustee and commissioner, A. P. Shattuck bought the claims of Mrs. Park, the heir of N. G. Park, and also the claim of W. B. Gilliam. Thornton advertised the land for sale under the trust deed and decree to reimburse himself for the costs and expenses incurred as trustee and commissioner. Shattuck thereupon filed the bill in this case in the Chancery Court of Chickasaw county, January 3, 1878, against Thornton seeking to enjoin him from selling the land, setting up his several sources of title.

Thornton answered the bill in which he impeached the tax title among others on the ground that there was no deed from the

---

While trustees have a lien on the trust fund for costs and expenses incurred in its administration agents employed by them must look to the trustees alone for the payment of their services and expenses in the management of the trust estate, and this although the instrument creating the trust provides that the expenses of the administration shall be charged upon the fund, and authorizes the trustee to appoint agents. "To do anything which the said trustees could do in the execution of the trust." Fearn v. Mayers, 53 Miss. 458.

4

One purchasing land *pendente lite* is bound by the decree though not a party. Osborn v. Crump, 57 Miss. 622; Willis v. Gattman, 53 Miss. 721.

One who buys property pending a bill to enforce a vendor's lien thereon is chargeable with notice thereof although not a party. Allen v. Pool, 54 Miss. 323.

A decree in chancery binds a purchaser of the property *pendente lite*, without his being made a party by amended bill. Shotwell v. Lawson, 30 Miss. 27.

sheriff to the State. He set up his claim for expenses and made his answer a cross-bill in which he sought to enforce his lien for expenses. Thornton died and the suit was revived in the name of his administrator. Shattuck also died and the suit was revived in the name of his executor.

From a decree dismissing complainant's bill and granting relief on the cross-bill directing an account to be taken allowing Thornton for all proper and necessary expenses incurred in the discharge of his duties as trustee and a reasonable fee for attorney complainants appeal.

APPEALED from Chancery Court, Chickasaw county, BAXTER McFARLAND, Chancellor.

Affirmed, May 25, 1885.

*Attorneys for appellant, Orr & Orr and R. Davis.*

*Attorneys for appellee, Houston & Reynolds.*

Brief of Orr & Orr:

Your attention is called to the seventh section, act of 1860 (Feb. 10th), which provides that "All sales of land hereafter made for nonpayment of taxes * * * shall be valid * * * and that no such sale shall be impeached or questioned in any manner, or for any cause, saving fraud or mistake in the assessment, or sale of the same, * * * and no suit to set aside any title acquired under such sale, hereafter to be made, shall be brought, unless within five years from the date of the sale." Sheet Acts 1860, p. 213 *et seq.*

This section, and the decisions construing it and similar statutes, is, we take it, the law of the case, so far as the tax title is concerned.

Is a mistake in the name of the owner such a mistake as will under this act, which was intended to broaden and strengthen the Revenue Laws of the State, vitiate the title acquired under that assessment? For what was that sale? For the specific taxes due on this land for the year of 1867. In construing and applying the act of 1841, this court, so far back as 1852, intimates that

such a mistake would not vitiate a sale. Baskin v. Doe ex. dem. Winston, 24 Miss. 431.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

The chancellor fixes a lien upon the land for attorney's fees. The court will bear in mind that this lien is fixed upon Shattuck's land, not Park's nor Thornton's. Now the record in this case shows that Park's estate was perfectly solvent, that he owned more than 600 acres of land at the time and long after this suit was commenced, that said land was free from incumbrance, and that no claims had been probated against his estate.

In Bamsley v. Powell, Ambler's Ch. Rep. 102, a lien for attorney's fees and costs was allowed upon real estate after the court was satisfied that the client was a lunatic, and after it was shown that the personal estate was not sufficient to discharge the claim. In the case at bar, we show that Park was and is perfectly solvent. This court has decided in two cases that a lien for attorney's fee could not be fixed upon land. Martin & Bates v. Harrington, 57 Miss. 208; Stewart v. Flowers et al., 44 Miss. 513.

Shattuck owned Gilliam's title, Gilliam owned Rawle's. Was not Dolly Park bound under section 2297, Code of 1871, to satisfy the record when her demands had been paid by Shattuck?

Will equity set aside a tax title acquired under the act of 1860, because the land is assessed to the wrong person? Will she lend her hand to aid Thornton in the collection of commissions and thereby fix a lien upon this land when the record shows that more than a quarter of a century ago he had the funds in his hands out of which he could have made his commissions, and voluntarily surrendered them? Will she hold for naught the seventh section of the act of 1860, which says that this tax title must be attacked within five years after the sale, or not at all? Will she encourage secret liens by declaring that Thornton, who had money in his hands subject to this lien at the time this appellant went into possession, can now subject this land to the payment of his extortionate claims, when he voluntarily paid out the funds and thereby waived his lien?

Brief of R. Davis:

Appellee raised for the first time the question of the State's title. Does not the fact that the clerk had certified the list of lands sold to the State, to the auditor of public accounts, raise the pre-

sumption that the sheriff had freely discharged his duty and is not this presumption strong enough to require rebutting testimony? We show every evidence of title that the auditor had, or was required to have. * * *

. But aside from all this, we insist that the seventh section, act of 1860, p. 46, cures all defects. There is no saving clause in the limitations there prescribed.

Brief of Houston & Reynolds:

* * * * * * * * * * * *

The tax title is invalid.

· There is no deed from the sheriff of Chickasaw county to the State. There is a delinquent tax list, but this list does not transmit title under Code 1857, pp. 80, 81.

The land was advertised to be sold as the property of Shaw. It was assessed in the name of Linn. This "mistake" in the sale and assessment will vitiate the sale. * * *

At the time of Shattuck's purchase, and from that time until the present suit, with the exception of a few months, Thornton was enjoined from selling the land. From December, 1868, to 1874 by Gilliam; from 1874 to 1877 by Mrs. Park, and from 1878 to present time by Shattuck. The remedy which we seek to enforce against the land is the sale of it to pay expenses, etc., and from pursuing that remedy, Thornton has been enjoined, immaterial by whom, or whether Shattuck had any connection with it or not; during that period, the limitation does not run. Sugg *v.* Thrasher, 30 Miss. 135; Work *v.* Harper, 31 Miss. 107; Code of 1857, p. 402, art. 26. * * *

The right of Thornton to be reimbursed out of the land was the subject-matter of contest, and it was decided that Thornton had the right to sell the land for the expenses which were incurred under the power of attorney and under the original trusteeship. Pending this second suit, Shattuck buys the claim of Mrs. Park on the land. It is plain that the decree in the suits are binding on Shattuck and estop him from disputing the validity of Thornton's claim. * * *

The decree is binding on Shattuck as a privy to Mrs. Park, or, because he purchased his interest pending the litigation respecting it, and is charged not only with notice, but also estopped by the

decree which was rendered as much as the actual parties are. Allen *v.* Pool, 54 Miss. 323.

If Shattuck is not charged with notice of the pendency of the suit and estopped by the decree which was rendered, he had actual notice before his purchase from Gilliam and from Mrs. Park of the equities of Thornton against the land, and against the claims which Mrs. Park assigned to Shattuck. This actual notice is proven by Thornton, who testifies that he informed Shattuck of his claims on the land.   *   *   *

Thornton was trustee under the Rawles deed of trust, was "trustee and special commissioner" under the decree of 1868, vested with the title for the purpose of sale; was attorney in fact of N. G. Park, with unlimited powers in reference to the claims of Rawles and of Darden, and with an equitable assignment of these claims to reimburse himself for expenses already incurred and those that might be incurred in future, and especially were these claims equitably assigned to Thornton to pay attorneys' fees for the suit in which the deed of trust was re-established, and also, in any subsequent suit to enforce the decree in that case.   *   *   *

As trustee under the trust deed or decree, he could enforce his lien for necessary expenses against the trust estate. Fearn *v.* Mayers, 53 Miss. 458; Clopton *v.* Gholson, 53 Miss. 471; Perry on Trusts, 907–918; Satterwhite *v.* Littlefield, 13 S. & M. 306; Shirley *v.* Shattuck, 28 Miss. 25.   *   *   *

It may be true that Thornton might have proceeded against the estate of Park for reimbursement.   *   *   *   If he could, his right to go against the estate of Park does not, *ipso facto,* debar him from the right of proceeding against the property upon which he has a lien, or which has been assigned to him for the purpose of satisfying his demand.   *   *   *


OPINION.—PER CURIAM:

Shattuck did not acquire title by his purchase of the land from the State in 1871, because it does not appear that the State had title. The land was never conveyed to the State, and it had no title to convey, so far as this record shows.

Shattuck acquired an interest by his purchases from Mrs. Park and Gilliam, but held subject to the claim of Thornton to be reimbursed his legitimate expenses, about the trust committed to

him.   It was, therefore, proper to dismiss the bill of Shattuck,. since it appears that something was due to Thornton.   We decline to decide now what Thornton should be allowed, as the matter is not before us.

All we decide is, that it was right to dismiss the bill, as some· amount was due Thornton.   What he should be allowed is the subject of the cross-bill, the decree of which is not before us.

The dismissal of the bill exhibited by Shattuck is,

*Affirmed.*